UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| KIMBERLY MARCOUX | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No.: 2:25-cv-309 |
| | ) | |
| CHRISTINA WETTSTEIN | ) | |
| Defendant | ) | |

**NOTICE OF REMOVAL**

    Defendant Christina Wettstein (Hereinafter "Defendant") files this Notice of Removal, hereby removing this case from the Chittenden Unit of the Vermont Superior Court to the United States District Court for the District of Vermont.

### A. State Court Action

    This action was first filed by Plaintiff Kimberly Marcoux (hereinafter "Plaintiff") on January 31, 2025, in the Chittenden Unit of the Vermont Superior Court, identified with Case No. 24-CV-00482. A copy of the Complaint, Summons and pleadings served by Plaintiff upon Defendant are attached as Defendant's Exhibit A. Defendant waived service by Plaintiff on February 21, 2025. The signed waiver of service is attached as Defendant's Exhibit B.

    Plaintiff alleges numerous counts, including breach of fiduciary duty, misappropriation of trade secrets under both state and federal law, and other claims based in contract and negligence. These claims stem from the establishment of Coterie White LLC (hereinafter "CW") and Melange de Blanc LLC (hereinafter "MDB"), which were established by both parties in the state of North Carolina. Defendant is a citizen of Texas, and Plaintiff is a citizen of Vermont. Defendant has not yet filed an answer or otherwise responded to Plaintiff's complaint.

### B. Diversity Jurisdiction

    This action is removable under 28 U.S.C. § 1332, which establishes original jurisdiction for federal district courts over actions where the alleged amount in controversy exceeds $75,000 and is between citizens of different states. As previously stated, at both the time of filing the complaint and this removal, Plaintiff was and is a citizen of Vermont, and Defendant was and is a citizen of Texas. Additionally, the amount in controversy exceeds $75,000 based on Plaintiff's requests for monetary damages and losses, compensatory damages for emotional distress, and attorney's fees in the complaint. Therefore, this Court has jurisdiction under 28 U.S.C. §1332

and § 1441.

### C. Timeliness of Removal

Defendant was provided with a copy of the complaint via email from Plaintiff's counsel on February 10, 2025. Defendant subsequently waived official service on February 21, 2025. This removal was filed within thirty days of Defendant's waiver of official service and is therefore timely under 28 U.S.C. §1446(b).

### D. State Court Documents Attached

In accordance with 28 U.S.C. §1446(a), § 1447(b), and § 1449, a copy of all pleadings, process, and orders received by Defendant are attached hereto as exhibit A.

### E. Notice to State Court and Plaintiff

Defendant will file a copy of this Notice of Removal with the Chittenden Unit of the Vermont Superior Court pursuant to 28 U.S.C. § 1446(d) and will also provide written notice to the Plaintiff of the filing of this Notice of Removal.

The Defendant therefore respectfully asks this Court to ACCEPT this Notice of Removal, assume jurisdiction of this case, and issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: March 12, 2025.

_____
Evan Barquist, Esq.
Montroll, Oettinger & Barquist, P.C.
126 College Street, Suite 400
P.O. Box 1045
Burlington, VT 05402
(802) 540-0250
Ebarquist@mblawoffice.com